UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT H. PINDER, | 3:13-cv-00572-MMD-WGC |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | October 22, 2014 |
| RENEE BAKER, *et al.,* | |
| Defendants. | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>  Katie Lynn Ogden  </u>   REPORTER: <u>                 FTR                </u>

COUNSEL FOR PLAINTIFF: <u> Vincent H. Pinder, In Pro Per (Telephonically) </u>

COUNSEL FOR DEFENDANTS: <u> Benjamin Johnson, Esq. (Telephonically) </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

11:06 a.m.  Court convenes.

The court convenes to address Plaintiff's "Motion to Transport Inmate Legal Work" (Doc. # 27) and Plaintiff's "Motion for Enlargement of Time" (Doc. # 28).

According to Defendants' response (Doc. # 30) to Plaintiff's motion (Doc. # 27), Attorney General Benjamin Johnson requested that the one remaining legal box stored at Northern Nevada Correctional Center ("NNCC") be transported to Plaintiff at Ely State Prison ("ESP").  Mr. Johnson confirms he made the request and was advised by the Property Sargent at NNCC that the box was shipped to ESP on October 13, 2014 and received at ESP as of October 17, 2014.

Mr. Pinder informs the court he is neither in possession of the legal box he requested nor has he received notice that the legal box has been received by ESP.

The court directs Mr. Johnson to contact ESP to expedite the delivery of the legal box to Mr. Pinder.  Mr. Pinder is cautioned that he may have to consolidate the number of boxes he currently has in his cell in order to comply with the institutions administrative regulations (AR 722) regarding the limitation of boxes allowed in an inmate's cell.

Based on Mr. Johnson's representations made today regarding the transport of Plaintiff's

**MINUTES OF PROCEEDINGS**
3:13-cv-00572-MMD-WGC
Date: October 22, 2014

final legal box from NNCC to ESP, Plaintiff's "Motion to Transport Inmate Legal Work" (Doc. # 27) is **DENIED as moot**. Mr. Johnson is directed to file a notice with the court once confirmation is received that the legal box at issue is delivered to Mr. Pinder.

Furthermore, in view of the delay caused by Plaintiff being without certain legal work necessary for him to fully conduct discovery in this matter, the court finds good cause to extend the discovery deadlines originally set forth in the Scheduling Order (Doc. # 23). Therefore, Plaintiff's "Motion for Enlargement of Time" (Doc. # 28) is **GRANTED**. The discovery deadlines are revised as follows:

   Discovery cut-off: **December 29, 2014**;

   Discovery motions: **January 9, 2015**;

   Dispositive motions: **January 30, 2015**; and

   Joint Pretrial Order: **February 27, 2015**; however, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

**IT IS SO ORDERED.**

11:19 a.m.  Court adjourns.

                                                            LANCE S. WILSON, CLERK


                                                            By:  _____/s/_____
                                                                 Katie Lynn Ogden, Deputy Clerk