UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VINCENT PINDER, | ) | 3:13-cv-00572-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re Doc. # 58** |
| RENEE BAKER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's emergency motion for the court to conduct a telephonic conference. (Doc. # 58.[1]) The court is addressing Plaintiff's motion in advance of receiving a response from Defendants in view of the rapidly approaching deadline for dispositive motions (April 20, 2015; Doc. # 51 at 1.)

It appears the purpose of the motion is to "order the Defendants to permit the Plaintiff to review his personal and privileged files." (*Id*., at 2, 3.) Plaintiff attaches an "Inmate Request Form" dated February 17, 2015, which apparently was Plaintiff's request to the Warden to review a number of Nevada Department of Corrections (NDOC) "IRs" and other documents. (*Id*., at 5.) The response executed by a "Responding Staff" member (signature illegible) dated February 19, 2015, states "the evidence has been received and an arrangement will be made for you to review it ASAP." (*Id*.). Plaintiff alleges he has not been afforded the opportunity to review the investigative reports, cell extraction video, etc. (*Id*., at 3.)

Plaintiff states these materials were "requested by the Plaintiff pursuant to Fed. R. Civ. P. 34

---
[1] Refers to court's docket number.

1 before Discovery and Dispositive deadlines." (*Id.*) Plaintiff did not attach a copy of the Rule 34 Request
2 for Production wherein he claimed to have requested these documents, nor has he included the text of
3 Defendants' responses as is required by Local Rule 26-7(a).  Additionally, assuming there was a request
4 for production which pertained to the materials sought in Plaintiff's "inmate Request Form" (Doc. 58
5 at 5), Plaintiff should have to first conferred with counsel to attempt to resolve the discovery dispute.
6 LR 26-7(b). It does not appear Plaintiff undertook any effort to consult with counsel to attempt to resolve
7 this discovery dispute before filing his "emergency" motion.

8     That being said, it further appears that certain portions of this discovery dispute were previously
9 before this court in Plaintiff's motion to compel (Doc. # 38), which was addressed in this court's order
10 of February 10, 2015 (Doc. # 52.) As best as the court can decipher Plaintiff's assertions, Plaintiff argues
11 that Defendants' discovery responses stated Plaintiff could "kite the Warden's Office" to review certain
12 of the documents Defendants  identified in their discovery responses. (Doc. # 41-2.) Plaintiff's motion
13 suggests Plaintiff made such a request in February but, as of the date of his motion, has been denied the
14 opportunity to inspect these documents.

15     With regard to the cell extraction video, one of the items referenced in Defendants' discovery
16 response, Defendants advised the court Plaintiff would be afforded an opportunity to view the video
17 "upon kiting the warden's office." (Doc. # 41 at 8-9.)  As noted above, it appears Plaintiff made that
18 request in mid- February but that Plaintiff still has not been afforded that opportunity even thought he
19 was informed "an arrangement will be made for you to review it [the requested materials] ASAP." (Doc.
20 # 58 at 5.) To the extent Plaintiff's emergency motion pertains to the "cell extraction video" which
21 Defendants stated would be made available to Plaintiff (Doc.# 41 at 8-9), and in view of the dispositive
22 motion deadline (April 20, 2015; Doc. # 51 at 1), Plaintiff should be afforded an opportunity in the
23 immediate future to view the video.

24     The Inmate Request Form accompanying Plaintiff's motion is also confusing as to whether
25 Plaintiff is referring to "IR" numbers or NDOC Bates numbers of documents previously identified by
26 Defendants.  The court assumes the latter. Similar to the cell extraction video, Defendants represented
27 documents bearing NDOC Bates numbers 183, 057, 054, 091, 050, 064, 069, 110, 183, and 109 would
28 be available to Plaintiff by kiting the Warden's Office. *See,* Doc. # 41-2 at 5 (lines 5-8); at 5 (lines 14-

1  17); at 7 (lines 26-27); at 8 (lines 1-8 and 15-18); at 9 (lines 18-19); and at 10 (lines 21-26).  According
2  to Plaintiff's motion, Defendants should insure that Plaintiff is afforded the opportunity to review these
3  documents as well.
4      Plaintiff's motion (Doc. # 58) is **GRANTED IN PART** and **DENIED IN PART** consistent with
5  this order.  Defendants shall file a notice of compliance with this order on or before **April 15, 2015**.
6  **IT IS SO ORDERED.**
7  DATED:  April 6, 2015.

                                              WILLIAM G. COBB
                                              UNITED STATES MAGISTRATE JUDGE