UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT PINDER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RENEE BAKER, et. al.,<br><br>　　　　　　Defendants. | 3:13-cv-00572-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are Plaintiff's Motions for a Temporary Restraining Order (Doc. # 39)[1] and Preliminary Injunction (Doc. # 40).[2] Defendants filed a response (Doc. # 43) and Plaintiff filed a reply (Doc. # 49).

　　　After a thorough review, the court recommends that Plaintiff's motions be denied.

## I. BACKGROUND

　　　Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., Doc. # 4.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id*.) Defendants are Brian Mullins, April Witter, Curtis Rigney, Ronnie Montoya, Glenn Hammock, Terrance Deeds, William Moore, and Renee Baker. (*Id.*; Screening Order, Doc. # 3.)

　　　On screening, Plaintiff was allowed to proceed with the following claims: (1) a retaliation claim against Mullins in Count I based on the allegation that Mullins searched his cell and took his legal paperwork in retaliation for Plaintiff filing grievances against Mullins; (2) a retaliation

---

[1] Refers to court's docket number.

[2] These documents are identical.

1  claim against Witter in Count II based on the allegation that he took Plaintiff's legal work
2  because Plaintiff had filed a small claims action against him related to damage to his television;
3  (3) an Eighth Amendment excessive force claim against Rigney, Montoya, Hammock, and
4  Deeds based on the allegations that in the process of extracting him from his cell Rigney,
5  Hammock and Montoya assaulted him while Deeds looked on and did nothing, resulting in
6  damage to his right arm and two black eyes; and (4) a retaliation claim against Moore based on
7  the allegation that Moore kept him at ESP for four months instead of transferring him to a
8  minimum security facility because Plaintiff had filed grievances against prison officials.
9  (Doc. # 3.) Plaintiff was allowed to proceed against Baker on all four counts because he averred
10  that she knew about all of the events alleged in the complaint and ordered caseworkers to talk to
11  Plaintiff about the events. (*Id*.)
12      Plaintiff now moves for a temporary restraining order and preliminary injunction. (Docs.
13  # 39/40.) He seeks an order that defendant Rigney and other ESP officers including Hering,
14  Signor, and Noreaga be precluded from retaliating against him, harassing him, and denying him
15  due process. (*Id*. at 2.) He also seeks an order that he be transferred to High Desert State Prison
16  for his safety to keep him away from the officers at ESP and their "roommates, spouses,
17  relatives, co-workers, etc." (*Id*.)
18      Plaintiff points out that his complaint involves an allegation that defendant Rigney
19  assaulted him in May 2013, and Rigney is now assigned to Plaintiff's unit at ESP. (*Id*.) He
20  asserts that on November 7, 2014, Rigney left Plaintiff in the shower for over an hour after
21  Plaintiff notified him that an inmate had used the restroom in the shower and there was feces
22  wrapped up in a t-shirt. (*Id*.) He claims that Rigney ordered other officers not to take Plaintiff out
23  of the shower. (*Id*.) He reported this to the shift commander who advised Plaintiff to file a
24  grievance. (*Id*. at 4.) Plaintiff further contends that later that day, Officer Noreaga was passing
25  out canteen and refused to give Plaintiff his canteen. (*Id*. at 4.) Plaintiff contends he did this
26  because he had to pick up the t-shirt with the feces from the incident earlier that day and because
27  Plaintiff had complained to the shift commander. (*Id*.)
28

Plaintiff then asserts that on November 8, 2014, Noreaga skipped Plaintiff's cell when he was serving the food trays. (*Id*. at 5.) He contends that he pressed the call button to ask the bubble officer, Rigney, why he had been skipped, but Rigney refused to answer, so Plaintiff filed an emergency grievance. (*Id.*) Plaintiff goes on to state that Officer Hering denied him his recreational yard time, and Noreaga has denied him supplies. (*Id*.) He claims that Officer Signor has ripped up his phone kites. (*Id*.) Finally, he claims that Warden Baker has refused to address these issues. (*Id*. at 6.)

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted). The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In addition, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials.  The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a

> criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

First, insofar as Plaintiff seeks injunctive relief against Noreaga, Hering and Signor, these ESP officers are not defendants to this action. The court does not have jurisdiction to issue an injunction directed to a non-party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1995). Therefore, the motion should be denied in this respect.

Second, with respect to Plaintiff's request for relief against Rigney, the court finds that Plaintiff's request is unrelated to the claims proceeding in this action, and insofar as he seeks an order transferring him out of ESP for his safety, he has not demonstrated the prerequisites for injunctive relief. As far as Rigney is concerned, Plaintiff's motion centers on an incident that occurred in November 7, 2014, where Rigney allegedly ordered other officers not to escort Plaintiff out of the showers when there was a t-shirt with feces present in the shower. The only claim allowed to proceed against Rigney in *this* action is Plaintiff's claim that in the course of a cell extraction in May 2013, Rigney, Montoya, and Hammock assaulted him as Deeds looked on and did not intervene. Plaintiff has not established a sufficient connection between the claimed injury in his motion for injunctive relief and the subject matter of *this* action. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). In his motion, Plaintiff claims Rigney is

retaliating against him. He has no retaliation claim against Rigney in this action. His claim against Rigney is for excessive force. Moreover, the excessive force incident occurred in May 2013, and the incident described in his motion allegedly occurred in November 2014. Plaintiff has not sufficiently connected the events so the court could construe them as related. Insofar as this retaliation allegation against Rigney is concerned, Plaintiff's remedy is to utilize the prison grievance process, and if he is unsuccessful in obtaining the desired relief, to file another action.

In addition to asking the court to order Rigney to stop retaliating against him and harassing him, Plaintiff asks the court for an order transferring him from ESP to High Desert State Prison for his safety. The only facts Plaintiff includes in support of this request is that Rigney is still working in his unit, and that he allegedly retaliated against Plaintiff in November 2013 by requiring him to stay in the shower for an hour with feces. Plaintiff includes no facts to demonstrate a likelihood of success on the merits, a likelihood he will suffer irreparable injury in the absence of such an order, that such an order is in the public interest or that the balance of hardships tips in his favor.

First, while Plaintiff cites general legal standards, he has not factually demonstrated a likelihood of *success* on his Eighth Amendment excessive force claim or on any potential retaliation claim against Rigney.

Second, he has not established a likelihood of irreparable harm. He mentions that he wants to be transferred for his safety, but presents no facts demonstrating that his safety is in jeopardy. He alleges that Rigney ordered others to leave him in a shower with feces for an hour. The court acknowledges that if true, this is conduct is distasteful and repugnant, but it does not demonstrate that Plaintiff's safety is jeopardized such that a transfer out of ESP is warranted. He provides no evidence that Rigney has posed a risk to his safety in the time since the alleged May 2013 incident occurred. Without this evidence, the court cannot conclude there is a likelihood he will suffer irreparable harm in the absence of injunctive relief.

Finally, Plaintiff has not shown that a transfer to another facility is in the public interest or that the balance of hardships tips in his favor. The Supreme Court has held that confinement in any of the state's institutions is within the normal limits of custody the conviction has authorized

the state to impose upon an inmate. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). On the facts presented, NDOC is within its discretion to house Plaintiff in whichever facility it deems proper, and the court cannot conclude that an order transferring Plaintiff out of ESP is in the public interest or that the balance of hardships tips in his favor.

In sum, the court recommends that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motions for a Temporary Restraining Order (Doc. # 39) and Preliminary Injunction (Doc. # 40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  June 1, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE