1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VINCENT PINDER,

                               Plaintiff,

        v.

RENEE BAKER, *et al.*,

                               Defendants.

Case No. 3:13-cv-00572-MMD-WGC

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
WILLIAM G. COBB

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 80) ("R&R") relating to Defendants' Motion for Summary Judgment (dkt. no. 66). Defendants filed a partial objection. (Dkt. no. 81.) Plaintiff filed an objection (dkt. no. 83) to which Defendants have responded (dkt. no. 84), and Plaintiff has replied (dkt. no. 85). Plaintiff has moved for an extension of time to file his objection. (Dkt. no. 82.) The Court will grant Plaintiff's extension request.

## II.    BACKGROUND

Plaintiff, proceeding *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 concerning conduct that occurred while he was held at Ely State Prison. After screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on his four claims: count I for first Amendment retaliation against Mullins; count II for First

Amendment retaliation against Witter; count III for Eighth Amendment excessive force claim; and count IV for First Amendment retaliation against Moore. (Dkt. no. 3.) The Court also found that Plaintiff states a colorable supervisory liability claim against Baker. (*Id.* at 8.)

The R&R recites in details Plaintiff's allegations and the parties' respective arguments presented in the briefs relating to Defendants' Motion. (Dkt. no. 80.) The Court adopts these discussions from the R&R.

III.   **LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

# IV.    DISCUSSION

As an initial matter, the Court will address the briefs relating to Defendants' objection. Local Rule IB 3-2(a) prescribes the procedure for a party to seek review of a magistrate judge's decision involving matters over which the magistrate judge may not make a final determination. It authorizes the filing of an objection to the magistrate judge's decision and a response, but it does not provide for the filing of a reply. LR IB 3-2(a). Here, Plaintiff filed an objection to the Magistrate Judge's R&R, as well as a reply to Defendants' response. Because Local Rule IB 3-2(a) does not provide for such, the Court will not consider Plaintiff's reply brief (dkt. no. 85) and orders that Plaintiff's reply be stricken.

## A.    Defendants' Objections

The Magistrate Judge recommends denying summary judgment on the First Amendment retaliation claim alleged in count II as it relates to the claim that Witter withheld mail from Plaintiff's mother and the Eighth Amendment excessive force claim alleged in count III, and on the issue of qualified immunity. (Dkt. no. 80.) Defendants object to the recommendations relating to counts II and III, but not on qualified immunity. The Court will adopt the recommendation to which Defendants do not object and will conduct a *de novo* review to determine whether to adopt the recommendations to which Defendants object. *See Thomas*, 474 U.S. at 149.

With respect to count I, the Magistrate Judge found that a genuine issue of material fact exists as to whether Witter retaliated against Plaintiff by withholding and then disposing of the mail from his mother because Plaintiff had filed several small claims action against her. (*Id.* at 80.) The dispute that the Magistrate Judge found to be material involves the reason Witter disposed of the mail from Plaintiff's mother. (*Id.*) Plaintiff claims that when he received the unauthorized mail notice, he instructed Witter to send it out at this expense. (Dkt. no. 4 at 8-9.) However, Witter claims that Plaintiff initially instructed the mail staff to dispose of the mail. (Dkt. no. 66-5 at 3.) The Magistrate Judge properly concludes that this factual dispute, along with the proximity in

time with the activities in the small claims actions, create a genuine factual dispute as to whether Witter dispose of Plaintiff's mail as retaliation. (Dkt. no. 80 at 13.) Viewing this evidence in the light most favorable to Plaintiff, a rational trier of fact could find that Witter withheld and disposed of Plaintiff's mail because he filed small claims actions against her. The Court agrees with the Magistrate Judge's findings.

Defendants argue that Plaintiff was attempting to misuse the mail and was able to file his opposition to the motion to dismiss. (Dkt. no. 81 at 7.) But these arguments do not show an absence of a material issue of fact on the issue of causation. Defendants also challenge Plaintiff's claim as to Witter's motive for confiscating his mail. (*Id.*) However, as the Magistrate Judge noted, whether there is a causal connection between the destruction of Plaintiff's mail and the small claims actions is a factual issue that must be decided by the jury.

The Magistrate Judge recommends denying summary judgment on count III because the question of whether the force used was excessive involves material factual disputes. More precisely, the dispute centers on the parties' competing versions of what transpired in the approximately 4 minutes between the time Defendants entered Plaintiff's cell to extract him to when they escorted Plaintiff out. (Dkt. no. 80 at 20.)

Defendants argue that there they were compelled to decide whether to maintain order given Plaintiff's conduct (i.e., Plaintiff had refused orders to surrender his restraints and Plaintiff and his cellmates had stacked boxes in front of the door). This argument misses the point because Plaintiff's claim of excessive force centers on the force used after the officers entered Plaintiff's cell. (Dkt. no. 4 at 10-11.) Indeed, Plaintiff conceded that he would not surrender to be uncuffed until he spoke with Baker. (Dkt. no. 76 at 10.)

Defendants also contend that the Magistrate Judge failed to give proper deference to the officers in determining the force necessary to maintain order. When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on

5

whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Id.* at 7.

The video footage of the extraction does not support Defendants' version of the events, or of Plaintiff's versions. (Dkt. no. 69 (second video).) Plaintiff contends that he was restrained after the officers entered his cell and did not resist being restrained, but the officers nevertheless beat him. (Dkt. 4 at 10-11; dkt. no. 76 at 43, 45.) Plaintiff also disputes Defendants' contention that he attacked them by using and swinging a sock with soap inside as a weapon. (Dkt. no. 76 at 37, 43.) The video footage does not give the viewer a picture of what transpired after officers entered Plaintiff's cells. The door to the cell appeared to have been blocked with boxes of papers. However, all that is visible after the officers entered the cell is their movements and it appears they were hovering over Plaintiff for a few minutes but even this is not clear. While noises could be heard, including banging and yelling, the sources of the noises are not clear. Viewing Plaintiff's allegations and drawing all inferences in his favor, a rational trier of fact could find that Plaintiff had complied with the order to be restrained after the officers entered the cell to extract him, but they purportedly beat him anyways. A rational trier of fact could infer from these facts that the officers did not have a good faith reason to use force and did so maliciously for the purpose of causing harm. Accordingly, the Court agrees with the Magistrate Judge and will adopt his recommendation.

**B.    Plaintiff's Objections**

The Magistrate Judge recommends granting summary judgment on count I, count II as it relates to withholding of mail stored in Plaintiff's laundry bag, and count IV, and on the claim that Baker should be liable as a supervisor. (Dkt. no. 80.) Plaintiff

1  objects to the Magistrate Judge's recommendations with respect to count I, count II and
2  supervisory liability.[1]  The Court will therefore adopt the Magistrate Judge's
3  recommendation to grant summary judgment on count IV. *See Thomas*, 474 U.S. at
4  149.

5          The Magistrate Judge recommends granting summary judgment because of the
6  absence of evidence to show a causal connection between Plaintiff's filing of his
7  grievances and the searches of his cell. (Dkt. no. 80 at 8.) First, the Magistrate Judge
8  found Plaintiff failed to dispute Mullins' claim that he was not aware that Plaintiff had
9  filed any grievance against him. (*Id.*) Second, the Magistrate Judge found that the legal
10 work that was removed on March 30, 2013, was improperly stored in Plaintiff's laundry
11 bag, and Plaintiff failed to refute Mullins' claim that to the extent he took any blank
12 grievance forms on May 11, 2013, he only took them because they were excessive, and
13 the legal boxes taken on May 25, 2013, were not used to store legal documents. (*Id.*)
14 Plaintiff raises several arguments in his objection which the Court will address.

15         In count I, Plaintiff alleges he filed a grievance against Mullins on March 8 and 16
16 2013, April 13 and 17, 2013, and May 20, 2013. (Dkt. no. 4 at 6-7.) He alleges that
17 Mullins and another officer conducted a search of his cell on March 30, 2013, April 11,
18 2013, and May 11 and 25, 2013, in retaliation. (*Id.*) NDOC policy provides that searches
19 may be conducted at any time and at a minimum once a month. (Dkt. no. 66-3 at 2.)
20 The March 30 search revealed that Plaintiff was storing his legal work in his laundry bag
21 and using it as weight.[2] (*Id.*) The May 25 search resulted in legal boxes being taken
22 away because they were not used to store legal documents. (*Id.* at 3.) In his objection,

23

24         [1]Plaintiff's objection includes a discussion on qualified immunity.  (Dkt. no. 83 at
25 15-23.)  However, the Magistrate Judge found that a genuine dispute of material facts
   exists to preclude a finding of qualified immunity in favor of Witter, Rigney, Montoya,
   Hammock and Deeds.  (Dkt. no. 80 at 25-26.)  This recommendation is in favor of
26 Plaintiff.  The Court will assume that Plaintiff does not object to the ruling.  In any event,
   the Court agrees with the Magistrate Judge's recommendation.

27         [2]In his objection, Plaintiff claims he had to store legal documents in his laundry
28 bag because of the limited space in his cell. (Dkt. no. 83 at 6.) Plaintiff's reason for
   using the laundry bag not for its intended purpose is irrelevant here.

1    Plaintiff contends he refuted that legal boxes were being used improperly by demanding

2    that Mullins provide an unauthorized property form, which Mullins refused. (Dkt. no. 83

3    at 6.) Plaintiff claims Mullins did not log the May 25 search in the log book as required

4    under NDOC policy. (Dkt. no. 76 at 10, 42.) Mullins could not recall whether he did.

5    (Dkt. no. 77 at 3.)

6        Prisoners have a First Amendment right to file prison grievances and to pursue

7    civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.

8    2004). To state a viable First Amendment retaliation claim in the prison context, a

9    plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action

10   against an inmate (2) because of (3) that prisoner's protected conduct, and that such

11   action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

12   did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

13       Plaintiff argues that he has offered evidence in his opposition brief to show that

14   Mullins was aware that he had filed a grievance against Mullins. (Dkt. no. 83 at 5.) In

15   Plaintiff's March 8, 2013 grievance, Plaintiff complained about Mullins' alleged abusive

16   comment in response to Plaintiff's request to be taken back to his cell. (Dkt. no. 76 at

17   48-49.) In the informal level response, Moore denied the grievance, stating: "Staff deny

18   your allegations of abusive language." (*Id.* at 50.) In response to Plaintiff's first level

19   grievance signed on March 20, 3013, Baker stated, in pertinent part: "These allegations

20   have been investigated and there is no proof that these statements were made to you

21   by the Senior Officer." (*Id.* at 51-52.) Viewing this evidence in the light most favorable to

22   Plaintiff, a rational trier of fact could find that Mullins was aware by March 20, 2013, that

23   Mullins had filed a grievance against him because he was informed of it during the

24   investigation that led to the denial of the grievance. This finding would support the

25   causation element of Plaintiff's retaliation claim.

26       As to the other elements, the Court finds that Plaintiff has offered evidence to

27   raise a triable issue of fact. The March 30 and subsequent searches were close in time

28   to Plaintiff's March 8 grievance of which Mullins was aware. While NDOC policy

1   provides for searches to be conducted at a minimum once a month, Plaintiff's cell was
2   searched four times during a 30 day period: March 30, 2013, April 11, 2013, and May
3   11 and 25, 2013. Defendants do not offer evidence to dispute Plaintiff's contention that
4   Mullins failed to log the May 25 search in violation of NDOC's policy. Mullins' claim that
5   he could not recall whether he did is not enough to resolve a material issue of fact.
6   Finally, that the searches on March 30, May 11 and May 25 resulted in items being
7   properly confiscated may not lend legitimacy to the searches if they were conducted as
8   a pretext for retaliation.[3] Viewing these evidence and drawing all inferences in favor of
9   Plaintiff, a rational trier of fact could find that the searches chilled Plaintiff's exercise of
10  his First Amendment rights and did not advance a legitimate correctional goal.

11      In sum, the Court finds that Plaintiff's has met his burden in opposing summary
12  judgment and will deny summary judgment on count I.

13      The Magistrate Judge recommends granting summary judgment as to the First
14  Amendment retaliation claim against Witter in count II that is predicated on the
15  withholding of legal mail stored in Plaintiff's laundry bag because Plaintiff offers no
16  evidence to dispute the reason the legal mail was taken — it was improperly stored in
17  Plaintiff's laundry bag. (Dkt. no. 80 at 11-12.) Plaintiff contends that he stored his legal
18  mail in the laundry bag because there was no space in his cell. (Dkt. no. 83 at 8.)
19  However, that he may have a reason for using the laundry bag in an unauthorized
20  manner does not show that the legal mail was improperly confiscated or withheld. The
21  Court agrees with the Magistrate Judge's recommendation and will grant summary
22  judgment on this part of count II.

23      The Magistrate Judge found that the undisputed evidence does not support
24  imposition of supervisory liability. (Dkt. no. 80 at 22-25.) Plaintiff argues that he has

25      [3]Defendants argue that the items taken during the searches advanced a
26  legitimate penological interest. (Dkt. no. 84 at 4.) While the items improperly stored in
    legal boxes and laundry bags may have been properly confiscated pursuant to
27  legitimate NDOC policy, the question is whether Plaintiff has shown that the purportedly
    random searches themselves did not reasonably advance a legitimate correctional goal.
28  That the searches led to items being properly confiscated does not justify an action that
    may have been taken to chill Plaintiff's exercise of his constitutional rights.

offered evidence to show that Baker was deficient in the training, supervision or control of her subordinates. (Dkt. no. 83 at 11-15.) The Court agrees with the Magistrate Judge's findings and will adopt his recommendation.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 80) be accepted and adopted in in part and rejected in part. Defendants' Motion for Summary Judgment (dkt. no. 66) is granted in part and denied in part as follows:

(1)   The Motion is denied as to the First Amendment retaliation claim against Mullins in count I;

(2)   The Motion is granted as to the First Amendment retaliation claim against Witter in count II that is predicated on the withholding of legal mail stored in Plaintiff's laundry bag and is denied as to the claim in count II that is predicated on the withholding of mail sent in by Plaintiff's mother;

(3)   The Motion is denied as to the Eighth Amendment excessive force claim in count III against Rigney, Montoya, Hammock and Deeds;

(4)   The Motion is granted as to the retaliation claim in count IV against Moore; and

(5)   The Motion is granted as to the supervisory liability claim against Baker.

It is further ordered that Plaintiff's reply (dkt. no. 85) is stricken.

It is further ordered that Plaintiff's motion for extension of time (dkt. no. 82) is granted *nunc pro tunc*.

The Clerk is directed to grant judgment in favor of Defendants Moore and Baker in accordance with this Order.

DATED THIS 23rd day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE